IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| REV. EDWARD ALLAN BUCK, Plaintiff, vs. SALT LAKE TRIBUTE ET AL., Defendants. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>Case No. 2:06-CV-113 PGC |

Plaintiff Reverend Edward Allan Buck has filed this lawsuit against the Salt Lake Tribune, the Deseret Morning News, and four Salt Lake City television stations: Channels 2, 4, 5, and 13.  He alleges claims under 42 U.S.C. §§ 1983, 1985(2), 1985(3), and 1986, based on the defendants' alleged deprivation of his free speech and due process rights, and their alleged cover-up of federal crimes against his civil rights.  The court has reviewed the complaint and holds that it fails to state a claim upon which relief may be granted.  The court therefore sua sponte orders this complaint DISMISSED under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

To begin with, the court notes that "pro se actions" such as this "are held to a less stringent standard of review and that sua sponte dismissals are generally disfavored."[1]  But sua

---

[1] *Whitney v. New Mexico*, 113 F.3d 1170, 1172 (10th Cir. 1997) (quotation marks omitted).

sponte dismissals for failure to state a claim are appropriate "where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile."[2]  This case falls under that latter circumstance.

Mr. Buck cannot state a § 1983 claim against any of these defendants.  Section 1983 provides a remedy for a person deprived of their constitutional rights by a person acting "under color of" state law.[3]  "As the Supreme Court has noted, a person acts under color of state law if he 'exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[4] The defendants here are all private entities — they do not possess any power "by virtue of state law."  No § 1983 claim may proceed against private actors such as these defendants, no matter how it is pled.  Amendment would therefore be futile, and dismissal of the § 1983 claim is appropriate.

Likewise, Mr. Buck's complaint does not state a claim under § 1985(2) or (3).  The Tenth Circuit has said that § 1985 provides a cause of action only "to classes . . . involved in the strife in the South in 1871 with which Congress was then concerned" when it passed § 1985.[5]  Here, plaintiff's complaint seeks redress for alleged injuries relating to Mr. Buck's free speech rights and for an alleged conspiracy to cover up the federal government's alleged violations of his due

---

[2]*Id.* at 1173 (quotation marks omitted).

[3]42 U.S.C. § 1983.

[4]*Whitney*, 113 F.3d at 1174 (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (quotation marks omitted)).

[5]*Wilhelm v. Continental Tire Co.*, 720 F.2d 1173, 1176 (10th Cir. 1983).

process rights in connection with a horse bridle patent.  None of these allegations relate to race-based conspiracies, nor could they if Mr. Buck was given leave to amend.

Mr. Buck's claim under 42 U.S.C. § 1986 likewise fails.  "Section 1986, which provides an action for neglecting to prevent a violation of Section 1985, is premised upon the existence of a valid Section 1985 claim."[6]  Since Mr. Buck has failed to state a valid § 1985 claim, he also fails to state a claim under § 1986.

In sum, Mr. Buck has failed to state claims under §§ 1983, 1985, and 1986 upon which relief may be granted.  The court therefore sua sponte DISMISSES his complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  And since granting leave to amend would be futile, this dismissal is with prejudice.[7]  The clerk's office is directed to close the case.

SO ORDERED.

DATED this 9th day of February, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[6] *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir. 1990).

[7] *Brereton v. Bountiful City Corp.*, No. 05-4067, 2006 WL 182063, at *5 (10th Cir. Jan. 26, 2006).